

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

May 19, 1986

Ms. Peggy Rosson
Chairman
Public Utility Commission of Texas
7800 Shoal Creek Boulevard, 400N
Austin, Texas 78757

Opinion No. JM-495

Re: Extent to which former employee of the Public Utility Commission of Texas may participate in business before the commission

Dear Ms. Rosson:

You indicate that an employee in the Public Utility Commission's engineering division left the employ of the commission in March, 1985, for employment with MCI Communications. The employee immediately thereafter became involved in a proceeding before the commission on behalf of his new employer. Before leaving the employ of the commission, the employee was involved in this same proceeding. You ask whether this pattern of conduct constitutes a violation of section 6(j) of article 1446c, V.T.C.S., the Public Utility Regulatory Act.

As a preliminary matter, in opinions rendered under article 4399, V.T.C.S., this office decides questions of law -- not disputed questions of fact. You submitted copies of a transcript of the record in a particular administrative proceeding. We cannot comment on whether the individual in the case you present has in fact violated section 6. This kind of assessment would require a factual judgment. We can comment only on the scope of section 6 and provide you with general guidance on what actions would, depending on proof of the allegations in court, constitute a violation.

Section 6(j) provides:

> During the time a commissioner or employee of the commission is associated with the commission or at any time after, the commissioner or employee <u>may not represent a person, corporation, or other business entity before the commission or a court in a matter in which the commissioner or employee was personally involved while associated with the commission or a matter that was within the commissioner's or employee's official responsibility</u> while the commissioner or employee was associated with the commission. (Emphasis added).

You seek guidance on what constitutes "representing" an employer. In specific, you ask:

> [i]s it a violation of section 6(j) for a former employee to enter an appearance on the record for an absent attorney in a case on which the employee worked while at the commission, if the employee otherwise does nothing on the record for his new employer?

You note that "the former employee did little more than announce present for the absent attorney." Your question suggests a very limited interpretation of the term "represent," i.e., that it refers only to substantive appearances on the record.

A full understanding of section 6(j) requires examination of the related subsection which precedes it. Section 6(i) provides:

> No commissioner shall within two years, and no employee shall, within one year after his employment with the commission has ceased, be employed by a public utility which was in the scope of the commissioner's or employee's official responsibility while the commissioner or employee was associated with the commission.

This subsection restricts, for one year, employment of a former commission employee by a public utility which was in the scope of the employee's official responsibility. See Attorney General Opinion JM-280 (1984). Subsection 6(i) is not limited to "representation" of the utility; it restricts, for one year, all employment by the public utility.

In contrast, section 6(j) applies without regard to time limits but applies only to "representation" in specific matters before the commission. Moreover, section 6(j) is not limited to "public utilities" but includes "a person, corporation, or other business entity." Thus, the focus of section 6(j) is on all aspects of particular matters before the commission (1) in which the employee was personally involved or (2) over which the employee had official responsibility while associated with the commission.

Moreover, "represent" in subsection 6(j) is not limited to substantive appearances on the record. We believe that the legislature intended section 6(j) to reach all aspects of particular matters

---

1. You do not ask nor do we address whether or not MCI Communications is a "public utility" under section 6(i). Our reference to section 6(i) is for purposes of comparison only.

which are before the commission and which the employee was either personally involved in while associated with the commission or over which the employee had official responsibility. Accordingly, section 6(j) reaches any aspect of particular matters, i.e., those requiring any agency action, in which the employee interacts in any manner with the commission on behalf of his new employer. For example, subsection 6(j) applies to appearances of a former employee as an expert on behalf of the employee's new employer during an administrative proceeding before the commission. An appearance on the record in a formal proceeding, however, is not necessary to incur a violation of section 6(j). Section 6(j) reaches particular "matters," not just particular proceedings. Thus, "represent" may also reach interactions such as letters and telephone conversations about past, pending, or future proceedings.

## S U M M A R Y

Section 6(j) of article 1446c, V.T.C.S., the Public Utility Regulatory Act, prohibits a former employee of the Public Utility Commission from interacting with the commission on behalf of the employee's new employer in any matter before the commission in which the employee was either personally involved while associated with the commission or over which the employee had official responsibility.

Very truly yours,

*Jim Mattox*

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General